IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREG WASSON,

                 Plaintiff,          Civil No. 06-6205-TC

                v.               ORDER

BILL BRADBURY, Oregon's
Secretary of State,

                Defendant.

COFFIN, Magistrate Judge.

    Pursuant to Fed. R. Civ. P 73, the parties have consented to having a United States Magistrate Judge conduct any and all proceedings in this case, "including trial, and order the entry of final judgment."  Accordingly, the Findings and Recommendation (#57) entered June 14, 2007, is hereby

1 - ORDER

withdrawn and replaced with the following Order.

Plaintiff filed this action under 42 U.S.C. § 1983, seeking declaratory and injunctive relief concerning State of Oregon election statutes and processes.  Plaintiff's Amended Complaint (#9) alleges two claims for relief.

In his Claim #1 ["Restricted Primary Participation"], plaintiff alleges that his First Amendment Rights were violated by ORS 254.069(3)(b), which disqualifies a voter from either signing a certificate of nomination, or participating in an assembly of electors, for an independent candidate if the voter has voted in a party's primary election in the same election cycle.

In his Claim #2 ["Infringement of Petition Rights"], plaintiff alleges that his First, Fifth and Fourteenth Amendment rights are violated by Oregon's"static, two year life of initiative petition[s]."

Before the court are defendants Motion to Dismiss, or Alternatively for Summary Judgment (#21) and plaintiff's Motion for Partial Summary Judgment (#38).

Claim #1: The facts giving rise to plaintiff's Claim #1 are as follows:  Plaintiff "participated" in the Democratic Primary Election on May 16, 2006, and alleges that "[a]bsent a court

2 - ORDER

order, Bradbury will enforce ORS 254.069(3)(b), and refuse to
allow Wasson, and, other voters similarly situated, to
directly participate in the nomination of independent
candidates seeking access to the November 7, 2006, general
election ballot." Amended Complaint (#9) p. 5. Plaintiff
further alleges that the 1904 voter initiative approved by
voters "expressly allowed all voters to vote in any primary,
and, then sign the nominating petition for an independent or
non-partisan candidate." Id.

    Federal jurisdiction extends only to cases or
controversies where there "(1) an injury in fact, (2) causal
relationship between the injury and the challenged conduct,
and (3) a likelihood that the injury will be redressed by a
favorable decision." Oregon Advocacy Center v. Mink, 322 F.3s
1101, 1108 (9th Cir 2003)(quoting United Food & Commercial
Workers Union Local 751 v. Brown Group, Inc., 517 U.S. 544,
551 (1996). For the first requirement, plaintiff must allege
a present or immediate injury in fact and have a "'specific
live grievance' against the application of the statutes ...
and not just an 'abstract disagreement' over the
constitutionality of such application." Lewis v. Continental
Bank Corp, 494 U.S. 472, 479 (1990)(citations omitted). It is

3 - ORDER

a threshold requirement that a plaintiff allege that he has "sustained or is immediately in danger of sustaining some direct injury as a result of [a statutes] enforcement, and not merely that [he] suffers in some indefinite way in common with people generally." <u>Massachusetts v. Melon</u>, 262 U.S. 447, 448 (1923). A plaintiff "may not challenge the constitutionality of a statute on the ground that it may 'conceivably be applied unconstitutionally to others in situations not before the court.'" <u>United States v. Broussard</u>, 767 F. Supp. 1536, 1541 (D. Or. 1991)(quoting <u>New York v Ferber</u>, 458 U.S. 747, 768 (1982).

In this case plaintiff alleges that he is "convinced that the influence of money on the political process ... threatens the foundation of American Democracy" and that "given the right set of circumstances, [he] is anxious to become involved in campaigns for state and national office which highlight this problem." However, plaintiff has not alleged any facts to establish that the application of ORS 254.069(3)(b) caused him personal or private harm ["injury in fact"].

Other courts have held that voters lack standing to challenge ballot access restrictions under similar circumstances as those alleged in plaintiff's complaint. <u>See</u>,

4 - ORDER

<u>Miyazawa v. City of Cincinnati</u>, 45 F.3d 126 (6th Cir. 1995);

<u>see also</u>, <u>Hooker v. Nixon</u>, 2006 Tenn.App LEXIS 211 (March 29,

2006)(voter lacked standing to challenge term limits statute

where he had not sustained a personal injury).

    Plaintiff's reliance on <u>Zielasko v. State of Ohio</u>, 873

F.2d 957 (6th Cir. 1989) to establish standing is misplaced for

the reasons set forth in <u>Miyazawa</u>.  The circumstances before

the court in this case are distinguishable from those in

<u>Zielasko</u> where the plaintiff risked criminal penalties for

"election falsification" had he personally promoted his

candidacy. In this case plaintiff has alleged only a general

concern that sometime in the future a candidate he may wish to

vote for may not qualify for the ballot due to the application

of ORS 254.069(3)(b).  Such an abstract disagreement with the

statutory provision is insufficient to establish an injury in

fact, to create a justiciable controversy or establish

standing.

    In order to establish entitlement to injunctive relief,

plaintiff must demonstrate the "likelihood of substantial and

immediate irreparable injury." <u>Los Angeles v. Lyons</u>, 461 U.S.

95, 103 (1983).  The alleged injury must be more than

"conjectural or hypothetical." <u>Id.</u>

Plaintiff's generalized grievance and alleged possible future inability to "directly participate in the nomination of independent candidates" is precisely the type of hypothetical injury that is insufficient to meet the <u>Lyons</u> standard.

Assuming *arguendo* that plaintiff could establish standing, I find that ORS 254.069(3)(b) does not burden plaintiff's constitutional rights, and even if it does, the State of Oregon has a legitimate interest that outweighs plaintiff's interest.

In evaluating claims challenging content neutral regulations of the voting process, courts use a balancing test which weighs the nature and importance of the asserted First Amendment right against the states regulatory interest in the subject matter. <u>See</u>, <u>Anderson v. Celebrezze</u>, 460 U.S. 780 (1983).

In this case, plaintiff's First Amendment rights are not burdened by the limitation imposed by the challenged statute. Plaintiff is not prohibited from either participating in a primary or supporting an independent candidate. Rather, plaintiff is afforded the option of doing either - but not both.

Regulations similar to ORS 254.069(3)(b) which limit a

6 - ORDER

voter's ability to participate in a primary election and help nominate an independent candidate have been upheld by the courts. See, Jackson v. Ogilive, 325 F.Supp. 864, 867 (D.Ill) *aff'd* 403 U.S. 925 (1971)(citing Baker v. Carr, 369 U.S. 186 (1962)); American Party of Texas v. White, 415 U.S. 767, 775 (1974)(a voter has no constitutional right to cast more than one vote in the process of nominating candidates for office).

Moreover, the state's regulatory interest in maintaining an orderly elections process is significant. See, Storer v. Brown, 415 U.S. 724 (1974). Regarding the primary process in particular, the Supreme Court has found: "[A] state has a legitimate interest in regulating the number of candidates on the ballot. In doing so, the State understandably and properly seeks to prevent the clogging of its election machinery .... Although we have no way of gauging the number of candidates who might enter primaries ... if access to the ballot were unimpeded ..., we are bound to respect the legitimate objectives of the state in avoiding overcrowded ballots." Bullock v. Carter, 405 U.S. 134, 145 (1972) (citations omitted).

The legislative history of ORS 254.069(3)(b)[1] indicates that the purpose of the statute was to protect the integrity of the democratic process by preventing voters from exerting undue influence on the nominating process by supporting "spoiler candidates."

I find that the State of Oregon's legitimate interest in protecting the integrity of the election process outweighs the possible infringement on plaintiff's First Amendment rights imposed by prohibiting voters from voting for party-affiliated candidates and participating in the nomination of independent candidates in the same election cycle.

Claim #2:    Plaintiff's Claim #2 concerns the failure of Petition #86, "The Open Primary Initiative," to qualify for the November 7, 2006, general election ballot. Plaintiff alleges that on December 20, 2005, the Secretary of State approved Petition #86 for circulation.  Under the Oregon Constitution "[a]n initiative petition shall be filed not less than four months before the election at which the proposed law or amendment to the Constitution is to be voted on."

The deadline to file a petition with valid signatures for

---

[1]See, House Committee on Elections Rules, March 15, 2005, HB 2614 (Tape 20, Slide A at 0270, 1280 and 1420.

the November 7, 2006 ballot was July 7, 2006.  On August 4, 2006, the Secretary of State announced that Petition #86 failed to qualify for the ballot.

Although the filing deadline had passed, plaintiff obtained a copy of the certified cover sheet for Petition #86 from the Secretary of State's office and "[a]fter whiting-out the stamp of Bradbury's office, and, rewriting the text to remove the reference to the November 7, 2006, election, Wasson began to collect signatures." Amended Complaint (#9) p. 9.

On August 23, 2006, plaintiff wrote to the Elections Division asking how and where to submit the additional signatures he had collected.  On August 25, 2006, the Elections Division responded, informing plaintiff that the signatures gathered on the modified petition sheet would not be accepted for verification.  Id.

Plaintiff alleges that Petition #86 was "in all relevant constitutional particulars, exactly the same, and had undergone the exact same process" as Petition #6 ["The Spending Cap"] and Petition #105 ["Nursing Home Safety"].

Petition #6 qualified for the November 7, 2006, ballot. Plaintiff alleges that the sponsors of Petition #105 "reached a deal with the Oregon governor to drop their petition drive

9 - ORDER

in exchange for establishment of a work group to prepare proposals to be submitted to the 2007 Oregon Legislature."

The gravamen of plaintiff's Claim #2 is not completely clear. Plaintiff's allegations comparing the petitions referenced in his complaint *imply* that his claim is that Oregon's laws governing the petition process favor petitioners who submit petitions to the Secretary of State for approval for circulation early in the two-year election cycle. <u>See</u> Amended Petition p. 7-8. In any event, plaintiff seeks an order that the "situation described" in his complaint is "illegal and unconstitutional" and enjoining defendant from "enforcing the static, two-year limit on the life of initiative petition in this, or any other election, election cycle." Amended Complaint (#9) p. 12.[2]

Plaintiff's Claim #2 is barred by res judicata because there is a final judgment on the merits between the same parties on the same claim.

"Res judicata, or claim preclusion, provides that a final

---

[2]Plaintiff apparently seeks a process where signatures gathered to place an initiative petition on the ballot during one election would "carry over" towards the required number of signatures to place such a petition on the ballot in subsequent elections.

judgment on the merits of an action precludes the parties from relitigating all issues connected with the action that were or could have been raised in the action." Rein v. Providian. Fin. Corp, 270 F.3d 895, 898-899 (9th Cir. 2001). A claim is barred by res judicata if the earlier litigation: (1) concerned the same claim as the current action, (2) reached a final judgment on the merits, and (3) involved the same parties. Communications Telesystems Int'l v. Calif. Pub. Util., 196 F.3d 1011, 1017-19 (9th Cir. 1999). State court judgments are accorded the same preclusive effect in federal courts as they are given in the courts of that state. See, 28 U.S.C. §1738. Under the "transactional approach," which is endorsed by both federal and Oregon courts, claim preclusion bars not only claims that have actually been litigated, but any claim arising out of the same transaction or series of connected transactions that could have been litigated. Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-1202 (9th Cir.), cert. denied, 459 U.S. 1087 (1982); Drews v. EBI Companies, 310Or. 134, 140-42, 795 P.2d 531 (1990).

Plaintiff's Claim #2 is substantially identical to plaintiff's third claim in Wasson v. Bradbury, Marion County Circuit Court Case No. 00C16587 (2001). See, Affidavit of

Katherine G. Georges (#21) Exhibit 1.

Wasson v. Bradbury was resolved by a final judgment granting summary judgment in favor of the Secretary. Affidavit of Katherine G. Georges (#21) Exhibits 2 (Order) and Exhibit 3 (Judgment). Although plaintiff appealed that judgment, he subsequently voluntarily dismissed the appeal. Affidavit of Katherine G. Georges (#21) Exhibit 4. Therefore the order granting summary judgment and order of dismissal constitutes a final judgment in that action.

Plaintiff argues that res judicata does not apply in this case because he is asserting a different claim than he did in his state court case. Plaintiff apparently did not raise a federal constitutional challenge in Wasson v. Bradbury. However, federal constitutional claims may be brought in state court proceedings. Thus, although plaintiff may have raised new or additional arguments to challenge the validity of Oregon's two year cycle for the collection of signatures for initiative petitions in this action, res judicata bars not only claims raised in the prior action but also all claims that *could have been* raised in that action.

Plaintiff had a full and fair opportunity to litigate his claim in the prior state court proceeding and now all claims

12 - ORDER

that could have been raised in that proceeding are precluded by the doctrine of res judicata. Accordingly, defendant is entitled to judgment as a matter of law as to plaintiff's Claim #2.

Defendant also argues that plaintiff lacks standing to challenge the Secretary of State's disqualification of Petition #86, and that plaintiff's claim fails on the merits. Because I find that res judicata is dispositive of plaintiff's Claim #2, it is not necessary to address defendant's other arguments.

Based on all of the foregoing, defendant's Motion to Dismiss, or Alternatively for Summary Judgment (#21) is allowed. Plaintiff's Motion for Partial Summary Judgment (#38) is denied. This action is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 20 day of June, 2007.

_____
Thomas M. Coffin
United States Magistrate Judge